**MARCELLA BROWNE, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2010-0088

Supreme Court of the Virgin Islands

November 18, 2011

VINCENT A. COLIANNI II, ESQ., Colianni & Colianni, St. Croix, USVI,
*Attorney for Appellant.*

TERRYLN M. SMOCK, ESQ., Department of Justice, St. Thomas, USVI,
*Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN,
*Associate Justice.*

## OPINION OF THE COURT

(November 18, 2011)

██ ██ HODGE, C.J. Marcella Browne was charged and convicted as an accessory after the fact under title 14, section 12(a) of the Virgin Islands Code for making a false statement to the police. The People allege that Marcella[1] lied to protect Jeffrey Browne, her husband, and Luis Melendez, her brother, who were suspects in the December 25, 2007 shooting that occurred at a public housing community in St. Croix. Because the People failed to prove that Marcella knew at the time she

---

[1] To avoid confusion, we will use the first names of the Browne parties.

made the false statement that Jeffrey and Melendez were involved in the shooting, we reverse her conviction as an accessory after the fact.[2]

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

In the early morning hours on December 25, 2007, two people were killed and three others injured at a public housing community in St. Croix as the result of a drive-by shooting. Several people who were at the scene of the shooting when the police arrived indicated that Jeffrey and Melendez were involved in the shooting and that they were driving Jeffrey and Marcella's silver Hyundai Brio. Based on this information, members of the Virgin Islands Police Department (VIPD) went to Jeffrey and Marcella's residence at approximately 10 a.m. on December 25, 2007, and asked Marcella to come to the police station to answer some questions. Marcella agreed, and Officer Naomi Joseph drove her to the VIPD police station. At the police station, Marcella told police that on December 25, 2007, at approximately midnight, she left her residence in her and Jeffrey's silver 2007 Hyundai Brio, and that when she left her house, Jeffrey and Melendez were still there with her children. The police asked her where she was between one and two o'clock in the morning — the time of the shooting — and she indicated that she had been out driving.

Further investigation produced significant evidence that implicated Jeffrey and Melendez in the shooting. This evidence also suggested that Jeffrey and Marcella's vehicle had been used in the shooting. In light of this evidence, the VIPD took Marcella into custody for further questioning on February 4, 2008. During questioning, Marcella admitted

---

[2] Marcella was charged and convicted of one count of interfering with an officer in discharging his duties under 14 V.I.C. § 1508 and one count as an accessory after the fact under 14 V.I.C. § 12(a). In her August 26, 2010 Notice of Appeal, Marcella appealed from both of these convictions. However, she failed to make any arguments specifically addressing her conviction under 14 V.I.C. § 1508 in her January 27, 2011 Brief, or in any other filings with this Court. Furthermore, at oral arguments Marcella stated that she was not challenging her conviction under 14 V.I.C. § 1508. Marcella has therefore waived her challenge to her conviction under 14 V.I.C. § 1508. See V.I.S.CT.R. 22(m) ("Issues that were . . . raised or objected to but not briefed . . . are deemed waived for purposes of appeal . . . ."); Dowdye v. People, S. Ct. Crim. No. 2007-0067, 2011 V.I. Supreme LEXIS 34, at *5 n.13 (V.I. Sept. 14, 2011) (holding "an appellant [must] raise an issue in his opening brief or else waive the issue on appeal").

that in her previous statement to the police, she had falsely stated that she had left her house at approximately midnight on December 25, 2007 in her and Jeffrey's vehicle.[3]

Jeffrey and Melendez were ultimately arrested and charged with two counts of first degree murder, four counts of attempted first degree murder, four counts of third degree assault, reckless endangerment, unauthorized possession of a firearm, and interference with an officer discharging his duties for their involvement in the December 25, 2007 shooting. Marcella was arrested and charged with one count of interfering with an officer discharging his duties under 14 V.I.C. § 1508 and one count as an accessory after the fact under 14 V.I.C. § 12(a) for making a false statement to the police on December 25, 2007.[4] The parties were tried together, and a jury convicted Marcella, Jeffrey, and Melendez on all counts.[5] The Superior Court entered judgment and sentence against Marcella on October 5, 2010. Marcella filed her timely notice of appeal on August 26, 2010.

---

[3] The People introduced the following portion of Marcella's February 4, 2008 statement into evidence at trial:

Q: On February 4, 2008 were you advised of your Miranda Rights by Detective Cureene Smith?
A: Yes
Q: Did you understand those rights?
A: Yes
Q: Are you willing to make a statement?
A: Yes
Q: On December 25, 2007, you were interviewed by Detective R. Matthews, C. Smith and I, at Marshall Command Police station, did you remember giving us a statement on that day?
A: Yes
Q: In your statement you stated that you went with the vehicle from your house around "Twelvish" was that a true statement?
A: No

[4] Marcella has only appealed her conviction as an accessory after the fact.

[5] Although all three parties were tried together in the Superior Court, Jeffrey and Melendez filed separate appeals and are not parties to this appeal.

## II. ANALYSIS

### A. Jurisdiction and Standard of Review

Title 4, section 32(a) of the Virgin Islands Code gives this Court jurisdiction "over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." Since the Superior Court's October 5, 2010 Judgment and Commitment constitutes a final judgment, we possess jurisdiction over Marcella's appeal.

Our standard of review in examining the Superior Court's application of law is plenary, while findings of fact are reviewed only for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). "When a defendant challenges the sufficiency of the evidence presented at trial, we must view the evidence in the light most favorable to the People, and affirm the conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Mendoza v. People*, S. Ct. Crim. No. 2010-0060, 2011 V.I. Supreme LEXIS 26, at *6 (V.I. Aug. 25, 2011) (internal quotation marks omitted).

### B. Sufficiency of the Evidence

Marcella argues that there was insufficient evidence to sustain her conviction as an accessory after the fact, and that the trial court erred in denying her motion for judgment of acquittal. Specifically, she contends that the People failed to produce any evidence that she had knowledge of Jeffrey or Melendez's involvement in the shooting at the time she gave her December 25, 2007 statement. We agree.

Title 14, section 12(a) provides that "[w]hoever, knowing that a crime or offense has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact." To meet this burden, the People introduced evidence that on December 25, 2007, Marcella falsely told police that the prior evening she had gone out at approximately midnight in her and Jeffrey's silver Hyundai Brio; that when she left her house to go out Jeffrey and Melendez were still at the house with her children; and that between one and two o'clock in the morning she was

935

still out driving the silver Hyundai Brio.[6] This false statement to the police was put into writing, and Marcella signed and dated each page.

The trial court concluded from these facts that the People had presented sufficient evidence to allow a reasonable jury to find Marcella guilty as an accessory after the fact. First, the trial court held that Marcella's written statement and the testimony of the police who took her statement provided the jury with a sufficient basis to find that Marcella knew that a crime had been committed and that Jeffrey and Melendez were alleged to have been involved. In reaching this determination, the trial court noted that Marcella's written statement explicitly indicated that it was being given in reference to a homicide that had occurred on December 25, 2007, at a public housing community. The court also noted that during the course of making this statement the police had asked Marcella questions about Jeffrey and Melendez, which would have suggested to Marcella that the men were suspects in the shooting. Second, the trial court held that Marcella's false statement to the police, indicating that Jeffrey and Melendez were at her house and she was using the car at the time of the shooting, was sufficient to allow a reasonable jury to find that she assisted Jeffrey and Melendez avoid apprehension and punishment. The trial court thus denied Marcella's motion for a judgment of acquittal.

 To begin, both the Superior Court and the People have misconstrued the knowledge requirement of title 14, section 12(a). Mere knowledge that the underlying offense occurred is insufficient. Rather, the People must prove that the defendant had actual knowledge of the crime and of the principal's participation in it. *See United States v. Snype*, 441 F.3d 119, 142 (2d Cir. 2006) ("The elements of accessory after the fact . . . are (1) commission of a specified offense by some person, (2) the defendant's knowledge of the crime's commission and the principal's participation in it, and (3) the defendant's assistance to the principal with the specific purpose or plan to hinder or prevent the principal's apprehension, trial, or punishment.") (internal quotation marks omitted); *United States v. Wesley*, 55 F. App'x 47, 49 (3d Cir. 2002) (unpublished) (requiring defendant to have actual knowledge of the crime and of the

---

[6] To establish that this statement was false, the People introduced Marcella's subsequent statement to the police on February 4, 2008, in which she admitted that she had falsely stated that she had left her house at approximately midnight on December 25, 2007 in her and Jeffrey's vehicle.

participation of the other person or persons in the crime in order to be an accessory after the fact).[7] Accordingly, even if Marcella knew that a shooting had occurred at the housing community on December 25, 2007, and that the police suspected that Jeffery and Melendez were involved, that does not prove she had actual knowledge that they had committed the shooting. It is therefore insufficient to meet section 12(a)'s knowledge requirement. The People were required to prove not only that she was aware of the shooting at the time she gave the statement, but also that she knew that Jeffery and Melendez had committed the shooting in order for her to be guilty as an accessory after the fact.

The People also argue that the very fact Marcella made a false statement to the police that tended to exculpate Jeffrey and Melendez permitted the jury to infer that Marcella knew the men were involved in the shooting. Standing alone, however, Marcella's false statement permits an inference only that she suspected that Jeffrey and Melendez may have been involved in some activity they wished to conceal. *United States v. Nusraty*, 867 F.2d 759, 765-67 (2d Cir. 1989) (holding defendant's false statement only offers evidence from which it could be inferred that he surmised that he was implicated in some sort of criminal activity, but insufficient for inference that defendant knew he was involved in the commission of a crime). Her statement did not establish, nor was it sufficient for an inference to be drawn, that Marcella knew that Jeffrey and Melendez had been involved in the shooting. *See id.* There are a number of scenarios that could explain why Marcella made false statements to the police, and concluding that she knew that Jeffrey and Melendez had committed the December 25, 2007 shooting based solely on the fact that she made false statements to the police would be nothing more than mere speculation. *See People v. Clarke*, S. Ct. Crim. No. 2009-0104, 2011 V.I. Supreme LEXIS 11, at *17 (V.I. April 12, 2011).

■ In order to convict Marcella as an accessory after the fact, the People were required to prove that: 1) Marcella knew that Jeffrey and

---

[7] The federal statute defining the crime of accessory after the fact is almost identical to the Virgin Islands provision. *Compare* 18 U.S.C. § 3 ("Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact."), *with* 14 V.I.C. § 12(a) ("Whoever, knowing that a crime or offense has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.").

Melendez committed the shooting, and 2) she took some action to hinder or prevent their apprehension, trial, or punishment. While Marcella's false statement to police was sufficient to prove that she assisted Jeffrey and Melendez avoid apprehension and prosecution, the People have failed to sufficiently establish that at the time she made the false statement, Marcella knew that Jeffrey and Melendez perpetrated the shooting. Therefore, the Superior Court erred in denying Marcella's motion for judgment of acquittal with respect to her charge as an accessory after the fact.[8]

## III. CONCLUSION

Because the People failed to prove that Marcella knew at the time she made the false statements to police that Jeffrey and Melendez were involved in the December 25, 2007 shooting, there was insufficient evidence to sustain her conviction as an accessory after the fact under 14 V.I.C. § 12(a). Therefore, the portion of the Superior Court's Judgment and Commitment finding Marcella guilty as an accessory after the fact is reversed and her sentence for that conviction is vacated.

---

[8] Marcella also contends that the information charging her as an accessory after the fact does not specify the underlying crime to which she is accused of being an accessory, and the People's failure to include the underlying charge in the information requires reversal of her conviction. At oral arguments, however, counsel for Marcella informed this Court that he had mistakenly relied upon the wrong information. He further conceded that the Superseding Information sufficiently put Marcella on fair notice of the underlying charges to which she was accused of being an accessory after the fact, and he withdrew this argument.